## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KYIOSHI L. HOOD-HARRISON,<br><br>Plaintiff,<br><br>vs.<br><br>BRYAN FALIERO; LVNV FUNDING LLC; and<br>RESURGENT CAPITAL SERVICES LP,<br><br>Defendants. | Case No. 1:23-cv-00445 |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Resurgent Capital Services LP ("Resurgent")

hereby removes this action to the United States District Court for the District of Rhode Island, and

respectfully states as follows:

1.     On October 3, 2023, Plaintiff Kyioshi L. Hood-Harrison ("Plaintiff") commenced

this action by filing a Complaint against Resurgent, Bryan Faliero ("Mr. Faliero") and LVNV

Funding LLC ("LVNV") (collectively, "Defendants") in the Rhode Island District Court (CA No.

3CA-2023-06962). A true and correct copy of the Complaint is attached hereto as Exhibit 1.

2.     On or around October 3, 2023, Plaintiff served a summons and copy of the

Complaint on Resurgent. A true and correct copy of the return of service is attached hereto as

Exhibit 2.[1]

3.     The Complaint alleges that Defendants violated that Fair Debt Collection Act

("FDCA"), 15 U.S.C. § 1692, and Rhode Island General Laws § 19-14.9-5.

---

[1] The Rhode Island District Court docket reflects that Plaintiff filed an Amended Complaint on
October 10, 2023, but Resurgent has not been served with the Amended Complaint. A true and
correct copy of the Amended Complaint is attached hereto as Exhibit 3.

4.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because the Complaint sets forth a federal cause of action for violation of the FDCA. Therefore, this case is a civil action over which this Court has original "federal question" jurisdiction under 28 U.S.C. § 1331, and which may be removed to this Court under 28 U.S.C. § 1441.

5.     The Court has supplemental jurisdiction over Plaintiff's state law claim. Plaintiff's federal and state law claims arise from the same case or controversy because they arise from the same allegations concerning Defendants' alleged attempt to collect consumer debt from Plaintiff. *See* Exhibit 3. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367(a).

6.     "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C.A. §1446(b)(2). Because neither Mr. Faliero nor LVNV has been properly served, "the consent of these defendants [is] not required for [Resurgent] to effectuate a proper removal of the action to this Court." *Com. Park Realty, LLC v. HR2-A Corp.*, 2011 WL 13244744, at *6 (D.R.I. Sept. 12, 2011) ("Removal Defendants were not required to obtain consent from . . . parties who had not been served at the time the action was removed.").[2]

---

[2] *See also, e.g., Cachet Residential Builders, Inc. v. Gemini Ins. Co.*, 547 F. Supp. 2d 1028, 1032 (D. Ariz. 2007) (holding that consent of defendant who was not served but who had actual notice of the complaint was not required for removal); *Shaffer v. Northwestern Mut. Life Ins. Co.*, 394 F. Supp. 2d 814, 819 (N.D. W. Va. 2005) ("[A] co-defendant is not required to join or consent if it has not been served with the initial pleadings at the time the notice of removal is filed."); *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) ("The law of this circuit . . . is that defendants upon whom service has not been effected at the time the notice is filed, need not join the notice of removal.").

7.    In accordance with 28 U.S.C. § 1446(a), all process, pleadings and orders served to date in this matter are attached hereto as Exhibit 4(a)-(f).

8.    In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being filed within 30 days of service of the Complaint on Resurgent.

9.    In accordance with 28 U.S.C. § 1446(d), Resurgent will promptly provide written notice of this removal to Plaintiff and file a Notice of Filing Notice of Removal with the Clerk for the Rhode Island District Court. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit 5.

10.    In accordance with Local Rule 81(b), within fourteen (14) days after filing this Notice of Removal, Resurgent will do whatever is necessary to enable the Clerk of the Rhode Island District Court to assemble and electronically transmit a certified copy of the docket sheet and all documents filed in the case being removed.

11.    Resurgent expressly reserves all rights to contest Plaintiff's claims and allegations. Resurgent submits this Notice of Removal without admitting the factual allegations or claims in the Compliant, and without waiving any defenses to Plaintiff's claims, including, without limitation, the defenses of lack of personal jurisdiction, improper venue, insufficiency of service of process, res judicata, collateral estoppel, and that this dispute is subject to binding arbitration.

12.    Resurgent also reserves the right to file a motion to transfer this action to an appropriate forum.

WHEREFORE, Defendant Resurgent Capital Services LP respectfully requests that this case be removed to the United States District Court for the District of Rhode Island.

Dated: October 27, 2023.

Respectfully Submitted,

RESURGENT CAPITAL SERVICES LP

By its attorney,

*/s/ Brian J. Wall*
Brian J. Wall (#9164)
bwall@grsm.com
Tel: 857-504-2026
GORDON REES SCULLY
MANSUKHANI LLP
28 State Street, 10th Floor
Boston, MA 02109

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2023 a copy of the foregoing was filed and served via

the Court's ECF system, and served on Plaintiff via first class mail as follows:

Kyioshi L. Hood-Harrison
P.O. Box 1174
Coventry, RI 02816

*/s/ Brian J. Wall*

# CASE SUMMARY

### CASE NO. 3CA-2023-06962

| | | | |
|---|---|---|---|
| **Kyioshi Hood-Harrison v. Bryan Filero et al.** | § | Location: | **3rd Division District Court** |
| | § | Filed on: | **10/02/2023** |
| | § | | |
| | § | | |

---

### CASE INFORMATION

**Statistical Closures**                                                    Case Type:   **Civil**
10/31/2023    Non-Trial Disposition

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**
Case Number              3CA-2023-06962
Court                    3rd Division District Court
Date Assigned            10/02/2023

---

### PARTY INFORMATION

| | | |
|---|---|---|
| **Plaintiff** | **Hood-Harrison, Kyioshi** | |
| | *P.O.Box 1174* | **Pro Se** |
| | *Coventry, RI 02816* | |
| **Defendant** | **Filero, Bryan** | |
| | *222 Jefferson Blvd* | **Pro Se** |
| | *Suite 200* | |
| | *Warwick, RI 02888* | |
| | **Resurgent Capital Services LP** | |
| | *222 Jefferson Blvd* | **Pro Se** |
| | *Suite 200* | |
| | *Warwick, RI 02888* | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|

## OTHER EVENTS AND HEARINGS

| | |
|---|---|
| 10/02/2023 | Other Civil Filed |
| 10/02/2023 | Summons Issued |
| 10/10/2023 | Amended Complaint Filed |
| 10/10/2023 | Summons Issued |
| 10/11/2023 | Summons Returned Served |
| 10/26/2023 | Summons Returned Unserved<br>*amended complaint* |
| 10/27/2023 | Notice of Removal<br>*Notice of Filing Notice of Removal* |
| 10/31/2023 | |

*Printed on 10/31/2023 at 12:36 PM*

3RD DIVISION DISTRICT COURT

# CASE SUMMARY
### CASE NO. 3CA-2023-06962

| | |
|---|---|
| | Notice of Removal<br>    Party:  Defendant  Resurgent Capital Services LP |
| 10/31/2023 | Case Removed to US District Court<br>    Party:  Defendant  Resurgent Capital Services LP |

| DATE | FINANCIAL INFORMATION |
|---|---|

**Plaintiff**  Hood-Harrison, Kyioshi

| | |
|---|---:|
| Total Charges | 100.75 |
| Total Payments and Credits | 100.75 |
| **Balance Due as of  10/31/2023** | **0.00** |

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

Case 1:23-cv-00445-JJM-PAS    Document 5    Filed 10/31/23    Page 8 of 86 PageID #: 70

STATE OF RHODE ISLAND
3RD DIVISION DISTRICT COURT

KYIOSHI L. HOOD-HARRISON,

                              Plaintiff,

        vs.

BRYAN FALIERO; LVNV FUNDING LLC; and
RESURGENT CAPITAL SERVICES LP,

                              Defendants.

CA No. 3CA-2023-06962

## NOTICE OF FILING NOTICE OF REMOVAL

Defendant Resurgent Capital Services, LP ("Resurgent") hereby provides notice that this action has been removed to the United States District Court for the District of Rhode Island and docketed as C.A. No. 1:23-cv-00445. A copy of the Notice of Removal as docketed is attached hereto as Exhibit A.

Dated: October 27, 2023.

                                        Respectfully Submitted,

                                        RESURGENT CAPITAL SERVICES LP

                                        By its attorney,

                                        /s/ Brian J. Wall
                                        Brian J. Wall (#9164)
                                        bwall@grsm.com
                                        Tel: 857-504-2026
                                        GORDON REES SCULLY
                                        MANSUKHANI LLP
                                        28 State Street, 10th Floor
                                        Boston, MA 02109

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

1:23-cv-00445-JJM-PAS     Document 5     Filed 10/31/23     Page 9 of 86 PageID #: 71

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 27, 2023 a copy of the foregoing was served filed and

served via the Court's electronic system, and served on Plaintiff via first class mail as follows:

Kyioshi L. Hood-Harrison
P.O. Box 1174
Coventry, RI 02816


*/s/ Brian J. Wall*

2

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

Case 3:23-cv-00445-JJM-PAS    Document 5    Filed 10/31/23    Page 10 of 86 PageID #: 72

## **EXHIBIT A**

# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

KYIOSHI L. HOOD-HARRISON,

                    Plaintiff,

    vs.

BRYAN FALIERO; LVNV FUNDING LLC; and
RESURGENT CAPITAL SERVICES LP,

                    Defendants.

Case No. 1:23-cv-00445

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Resurgent Capital Services LP ("Resurgent") hereby removes this action to the United States District Court for the District of Rhode Island, and respectfully states as follows:

1. On October 3, 2023, Plaintiff Kyioshi L. Hood-Harrison ("Plaintiff") commenced this action by filing a Complaint against Resurgent, Bryan Faliero ("Mr. Faliero") and LVNV Funding LLC ("LVNV") (collectively, "Defendants") in the Rhode Island District Court (CA No. 3CA-2023-06962). A true and correct copy of the Complaint is attached hereto as Exhibit 1.

2. On or around October 3, 2023, Plaintiff served a summons and copy of the Complaint on Resurgent. A true and correct copy of the return of service is attached hereto as Exhibit 2.[1]

3. The Complaint alleges that Defendants violated that Fair Debt Collection Act ("FDCA"), 15 U.S.C. § 1692, and Rhode Island General Laws § 19-14.9-5.

---

[1] The Rhode Island District Court docket reflects that Plaintiff filed an Amended Complaint on October 10, 2023, but Resurgent has not been served with the Amended Complaint. A true and correct copy of the Amended Complaint is attached hereto as Exhibit 3.

Case Number: 3CA-2023-06992
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

4.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because the Complaint sets forth a federal cause of action for violation of the FDCA. Therefore, this case is a civil action over which this Court has original "federal question" jurisdiction under 28 U.S.C. § 1331, and which may be removed to this Court under 28 U.S.C. § 1441.

5.     The Court has supplemental jurisdiction over Plaintiff's state law claim. Plaintiff's federal and state law claims arise from the same case or controversy because they arise from the same allegations concerning Defendants' alleged attempt to collect consumer debt from Plaintiff. *See* Exhibit 3. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367(a).

6.     "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C.A. §1446(b)(2). Because neither Mr. Faliero nor LVNV has been properly served, "the consent of these defendants [is] not required for [Resurgent] to effectuate a proper removal of the action to this Court." *Com. Park Realty, LLC v. HR2-A Corp.*, 2011 WL 13244744, at *6 (D.R.I. Sept. 12, 2011) ("Removal Defendants were not required to obtain consent from . . . parties who had not been served at the time the action was removed.").[2]

---

[2] *See also, e.g., Cachet Residential Builders, Inc. v. Gemini Ins. Co.*, 547 F. Supp. 2d 1028, 1032 (D. Ariz. 2007) (holding that consent of defendant who was not served but who had actual notice of the complaint was not required for removal); *Shaffer v. Northwestern Mut. Life Ins. Co.*, 394 F. Supp. 2d 814, 819 (N.D. W. Va. 2005) ("[A] co-defendant is not required to join or consent if it has not been served with the initial pleadings at the time the notice of removal is filed."); *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) ("The law of this circuit . . . is that defendants upon whom service has not been effected at the time the notice is filed, need not join the notice of removal.").

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

7.      In accordance with 28 U.S.C. § 1446(a), all process, pleadings and orders served to date in this matter are attached hereto as Exhibit 4(a)-(f).

8.      In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being filed within 30 days of service of the Complaint on Resurgent.

9.      In accordance with 28 U.S.C. § 1446(d), Resurgent will promptly provide written notice of this removal to Plaintiff and file a Notice of Filing Notice of Removal with the Clerk for the Rhode Island District Court. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit 5.

10.      In accordance with Local Rule 81(b), within fourteen (14) days after filing this Notice of Removal, Resurgent will do whatever is necessary to enable the Clerk of the Rhode Island District Court to assemble and electronically transmit a certified copy of the docket sheet and all documents filed in the case being removed.

11.      Resurgent expressly reserves all rights to contest Plaintiff's claims and allegations. Resurgent submits this Notice of Removal without admitting the factual allegations or claims in the Compliant, and without waiving any defenses to Plaintiff's claims, including, without limitation, the defenses of lack of personal jurisdiction, improper venue, insufficiency of service of process, res judicata, collateral estoppel, and that this dispute is subject to binding arbitration.

12.      Resurgent also reserves the right to file a motion to transfer this action to an appropriate forum.

WHEREFORE, Defendant Resurgent Capital Services LP respectfully requests that this case be removed to the United States District Court for the District of Rhode Island.

Dated: October 27, 2023.

Respectfully Submitted,

RESURGENT CAPITAL SERVICES LP

By its attorney,

*/s/ Brian J. Wall*
Brian J. Wall (#9164)
bwall@grsm.com
Tel: 857-504-2026
GORDON REES SCULLY
MANSUKHANI LLP
28 State Street, 10th Floor
Boston, MA 02109

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2023 a copy of the foregoing was filed and served via

the Court's ECF system, and served on Plaintiff via first class mail as follows:

Kyioshi L. Hood-Harrison
P.O. Box 1174
Coventry, RI 02816

*/s/ Brian J. Wall*

Case 1:23-cv-00445-PAS   Document 5   Filed 10/31/23   Page 16 of 86 PageID #: 78

Case # 3CA-2023-06962

| Hood-Harrison,© Kyioshi L: | ) | Noel Judicial Complex |
| *Plaintiff, POA, Pro per* | ) | |
| C/O P.O. Box 1174 | ) | 2023 OCT -3 AM 11:06 |
| coventry RI 02816 | ) | Civil Action |
| Bryan Filero, CEO Resurgent Capital Services LP | ) | DISTRICT COURT |
| Monique, Agent Resurgent Capital Services LP, | ) | 3RD DIVISION |
| LVNV Funding LLC, | ) | |
| Resurgent Capital Services LP | ) | |
| *Defendant* | ) | |
| 222 Jefferson Blvd, suite 200 | ) | |
| Warwick, RI 02888 | ) | |

---

Here comes now Kyioshi L:Hood-Harrison© Plaintiff, POA, Sui Juris, and files this complaint moving the court for monetary judgment under and RI Gen L § 19-14.9-5 as well as Fair Debt Collections Act, FDCPA violations 15 USC 1692. In support thereof the following:

1. The plaintiff became aware of this debt collection account in approximately May 2023 and has been disputing it since then.. Transunion, Equifax, and Experian have all claimed that the debt was validated, but the Plaintiff believes this validation process is flawed, as the Plaintiff received the same information and it was not properly validated through the appropriate channels. The defendant has also submitted the same documents to the Consumer Financial Protection Bureau (CFPB), and the documents related to this account are extremely limited, consisting only of duplicates of same bank statement.

2. Resurgent Capital Services, L.P. / LVNV Funding LLC has been engaging in harassing behavior towards the Plaintiff regarding this debt collection. The Plaintiff sent a validation of debt request to the defendant 6/22/2023, and the defendant was unable to successfully validate the debt (see Exhibit A & B).

3. Following the unsuccessful validation of debt (Exhibit C) on July 22, 2023, the defendant was formally instructed in writing to cease all communications and remove the debt from the plaintiff's credit report.

4. Despite this instruction, the defendant has refused to cease communication and has not removed the items from the credit report (see Exhibit D). The defendant has continued to send correspondence through the mail to the plaintiff as of August 1, 2023 (Exhibit E). In response, the

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

Case 3:23-cv-00445-PAS   Document 1-5   Filed 10/23/23   Page 2 of 17 PageID #: 79

plaintiff sent an affidavit of truth and an invoice for $4,000, citing violations of consumer rights under the Fair Debt Collection Practices Act (FDCPA) (Exhibit F).

5. On August 12, 2023, the Plaintiff contacted the Consumer Financial Protection Bureau (CFPB) (see Exhibit G) regarding the unjust debt and the defendant's harassing actions. On August 25, 2023, the Defendant (an agent named Monique ) responded to the complaint through the CFPB (Exhibit H).

6. On August 25, 2023, the CFPB acknowledged that further action should be taken, as Resurgent/Defendant's actions appeared to lack transparency. The CFPB inquired about the desired solution from the plaintiff, to which the plaintiff responded,; seeking compensation for violations and requesting an end to further contact.

7. On September 5, 2023, and September 6, 2023, the Plaintiff received two letters (Exhibit I & J) from Resurgent Capital/LVNV, indicating an ongoing investigation. However, the other letter contained another bank statement, which the plaintiff considers insufficient validation of the "owed debt", and no compensation for FDCPA and and RI Gen L § 19-14.9-5 violations. The Defendant has consistently sent similar letters that do not constitute adequate debt validation. Despite repeated requests for specific items to validate the debt (chain of assignment, purchase agreement, bill of sale, wet signature contract ,etc), the defendant has not properly validated or verified the debt claim throughout this period. Furthermore, there is no existing contract between the Plaintiff and the Defendant.

8. Notice of Intent to Sue was sent via certified mail as per all correspondence 9/22/2023. (Exhibit K)

9. I feel I have exhausted my administrative process, to no avail.

**Prayer for Relief**

The Defendant, Resurgent has caused significant mental distress to the Plaintiff, in addition to violations in accordance with the FDCPA and RI Gen L § 19-14.9-5. The Plaintiff respectfully prays for the court's consideration for monetary Judgment in this matter of $4,000 for FDCPA violations [*TransUnion v. Ramirez]*, court fees, and Power of Attorney (POA) fees, which are calculated at $5,000 (months of ongoing representation for this matter), for a total of $9,075.75.

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

Case 1:23-cv-00445-PAS Document 5 Filed 10/27/23 Page 18 of 86 PageID #: 80

Subscribed and sworn to (or affirmed) before me on this _2nd_ day of _October_, 2023, by _Passport By: Kyoshu Z Horf-Hare_,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Notary

10/2/23

Seal:

STATE OF RHODE ISLAND
3RD DIVISION DISTRICT COURT

KYIOSHI L. HOOD-HARRISON,

                          Plaintiff,

        vs.

                                                CA No. 3CA-2023-06962

BRYAN FALIERO; LVNV FUNDING LLC; and
RESURGENT CAPITAL SERVICES LP,

                          Defendants.

## NOTICE OF FILING NOTICE OF REMOVAL

Defendant Resurgent Capital Services, LP ("Resurgent") hereby provides notice that this action has been removed to the United States District Court for the District of Rhode Island and docketed as C.A. No. 1:23-cv-00445. A copy of the Notice of Removal as docketed is attached hereto as Exhibit A.

Dated: October 27, 2023.

                                        Respectfully Submitted,

                                        RESURGENT CAPITAL SERVICES LP

                                        By its attorney,

                                        */s/ Brian J. Wall*
                                        Brian J. Wall (#9164)
                                        bwall@grsm.com
                                        Tel: 857-504-2026
                                        GORDON REES SCULLY
                                        MANSUKHANI LLP
                                        28 State Street, 10th Floor
                                        Boston, MA 02109

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2023 a copy of the foregoing was served filed and

served via the Court's electronic system, and served on Plaintiff via first class mail as follows:

Kyioshi L. Hood-Harrison
P.O. Box 1174
Coventry, RI 02816


*/s/ Brian J. Wall*

# EXHIBIT 1

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

Case 1:23-cv-00406-JJM-PAS   Document 1   Filed 10/31/23   Page 22 of 86 PageID #: 84

Case 3CA-2023-06962

| | |
|---|---|
| Hood-Harrison,© Kyioshi L: | ) Noel Judicial Complex |
| *Plaintiff, POA, Pro per* | ) |
| C/O P.O. Box 1174 | ) |
| Coventry RI 02816) | ) 2023 OCT -3  AM 11: 06 |
| Bryan Filero, CEO Resurgent Capital Services LP | ) Civil Action |
| Monique, Agent Resurgent Capital Services LP, | ) DISTRICT COURT |
| LVNV Funding LLC, | ) 3RD DIVISION |
| Resurgent Capital Services LP | ) |
| *Defendant* | ) |
| 222 Jefferson Blvd, Suite 200 | ) |
| Warwick, RI  02888 | ) |

Here comes now Kyioshi L:Hood-Harrison© Plaintiff, POA, Sui Juris, and files this complaint moving

the court for monetary judgment under and RI Gen L § 19-14.9-5 as well as  Fair Debt Collections Act,

FDCPA violations 15 USC 1692. In support thereof the following:

1.  The plaintiff became aware of this debt collection account in approximately May 2023 and has
    been disputing it since then.. Transunion, Equifax, and Experian have all claimed that the debt
    was validated, but the Plaintiff believes this validation process is flawed, as the Plaintiff received
    the same information and it was not properly validated through the appropriate channels. The
    defendant has also submitted the same documents to the Consumer Financial Protection Bureau
    (CFPB), and the documents related to this account are extremely limited, consisting only of
    duplicates of same bank statement.

2.  Resurgent Capital Services, L.P. / LVNV Funding LLC has been engaging in harassing behavior
    towards the Plaintiff regarding this debt collection. The Plaintiff sent a validation of debt request
    to the defendant 6/22/2023, and the defendant was unable to successfully validate the debt (see
    Exhibit A & B).

3.  Following the unsuccessful validation of debt (Exhibit C) on July 22, 2023, the defendant was
    formally instructed in writing to cease all communications and remove the debt from the
    plaintiff's credit report.

4.  Despite this instruction, the defendant has refused to cease communication and has not removed
    the items from the credit report (see Exhibit D). The defendant has continued to send
    correspondence through the mail to the plaintiff as of August 1, 2023 (Exhibit E). In response, the

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

Case 1:23-cv-00406-WES-PAS   Document 1   Filed 10/27/23   Page 23 of 86 PageID #: 85

plaintiff sent an affidavit of truth and an invoice for $4,000, citing violations of consumer rights under the Fair Debt Collection Practices Act (FDCPA) (Exhibit F).

5.  On August 12, 2023, the Plaintiff contacted the Consumer Financial Protection Bureau (CFPB) (see Exhibit G) regarding the unjust debt and the defendant's harassing actions. On August 25, 2023, the Defendant (an agent named Monique ) responded to the complaint through the CFPB (Exhibit H).

6.  On August 25, 2023, the CFPB acknowledged that further action should be taken, as Resurgent/Defendant's actions appeared to lack transparency. The CFPB inquired about the desired solution from the plaintiff, to which the plaintiff responded,; seeking compensation for violations and requesting an end to further contact.

7.  On September 5, 2023, and September 6, 2023, the Plaintiff received two letters (Exhibit I & J) from Resurgent Capital/LVNV, indicating an ongoing investigation. However, the other letter contained another bank statement, which the plaintiff considers insufficient validation of the "owed debt", and no compensation for FDCPA and and RI Gen L § 19-14.9-5 violations. The Defendant has consistently sent similar letters that do not constitute adequate debt validation. Despite repeated requests for specific items to validate the debt (chain of assignment, purchase agreement, bill of sale, wet signature contract ,etc), the defendant has not properly validated or verified the debt claim throughout this period. Furthermore, there is no existing contract between the Plaintiff and the Defendant.

8.  Notice of Intent to Sue was sent via certified mail as per all correspondence 9/22/2023. (Exhibit K)

9.  I feel I have exhausted my administrative process, to no avail.

**Prayer for Relief**

The Defendant, Resurgent has caused significant mental distress to the Plaintiff, in addition to violations in accordance with the FDCPA and RI Gen L § 19-14.9-5. The Plaintiff respectfully prays for the court's consideration for monetary Judgment in this matter of $4,000 for FDCPA violations [*TransUnion v. Ramirez]*, court fees, and Power of Attorney (POA) fees, which are calculated at $5,000 (months of ongoing representation for this matter), for a total of $9,075.75.

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

Case 1:23-cv-00406-WBM-PAS Document 1-8 Filed 10/27/23 Page 24 of 86 PageID #: 86

Subscribed and sworn to (or affirmed) before me on this 2nd day of October , 2023, by Passport By: Kynashu Z Hood-Ha_____ , proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Notary

10/2/23

Seal:

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

# EXHIBIT 2



# STATE OF RHODE ISLAND JUDICIARY

## DISTRICT COURT

## SUMMONS

| Plaintiff<br>Kyioshi Hood-Harrison<br><br>v.<br><br>Defendant<br>Bryan Filero; Resurgent Capital Services LP | Civil Action File Number<br>3CA-2023-06962 |
| --- | --- |
| | Attorney for the Plaintiff or the Plaintiff<br>Kyioshi Hood-Harrison |
| | Address of the Plaintiff's Attorney or the Plaintiff<br>POBox 1174<br>Coventry RI 02816 |
| Noel Judicial Complex<br>3rd Division District Court<br>222 Quaker Lane<br>Warwick RI 02886<br>*(401) 822-6750 | Address for the Defendant<br>222 Jefferson Blvd<br>Suite 200<br>Warwick RI 02888 |

### TO THE DEFENDANT:

You are hereby summoned and required to serve upon the Plaintiff or the Plaintiff's attorney, whose name and address appears above, an answer to the complaint which is herewith served upon you. **Your answer must be made in WRITING within TWENTY (20) days after service of this Summons, complaint, and Language Assistance Notice, exclusive of the date of service, and filed with the court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

Witness the seal/watermark of the District Court

| This Summons was generated on 10/2/2023 | /s/ Dawn Bellamy<br>Clerk |
| --- | --- |

2023 OCT 11 PM 1:26
DISTRICT COURT
3RD DIVISION

DC-CMS-4 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## DISTRICT COURT

| Plaintiff<br>Kyioshi Hood-Harrison<br> **v.** <br>Defendant<br>Bryan Filero; Resurgent Capital Services LP | Civil Action File Number<br>3CA-2023-06962 |
| --- | --- |

**PROOF OF SERVICE**

Select the Defendant being served (check only one (1) per Proof of Service):

| Please Select<br>Only One (1) | Defendant |
| --- | --- |
| | Bryan Filero |
| ✓ | Resurgent Capital Services LP |

I hereby certify that on the date below I served a copy of this Summons, a copy of the complaint, Language Assistance Notices, and all other required documents received herewith upon the Defendant, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____

Age _____
Relationship to the Defendant _____

☒ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statue to receive service, further notice as required by statue was given as noted. *Corporation Service Co*

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

DC-CMS-4 (revised November 2022)

# STATE OF RHODE ISLAND JUDICIARY

# DISTRICT COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statue to receive service, further notice as required by statue was given as noted: _____

☐ I was unable to make service after the following reasonable attempts: _____

SIGNATURE OF PERSON OTHER THAN A SHERIFF OR DEPUTY SHERIFF OR CONSTABLE MUST BE NOTARIZED. _____
Signature

State of _____
County of _____

On this _____ day of _____ ,20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the documents are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

SERVICE DATE: 10 / 3 /2023      SERVICE FEE $_____
    Month  Day  Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE
_____     Arthur Scautti #22

Page 2 of 2

DC-CMS-4 (revised November 2022)

# NOTICE

These papers are your proof of service for the court document you submitted for service.

**You** must bring these papers to the court clerk's office to be entered into the court file before your court date. The Judge will need to have this information in the court file.

**THE RHODE ISLAND DIVISION OF SHERIFFS DOES NOT KEEP COPIES OF THESE PAPERS. YOU NOW HAVE THE ONLY COPY.**

---

# NOTAR

Estos documentos son su prueba de notificación para el documento judicial que presentó para la notificación.

Debe llevar estos documentos a la oficina del secretario de la corte para que se ingresen en el archivo de la corte antes de la fecha de su corte. El juez deberá tener esta información en el expediente judicial.

**LA DIVISIÓN DE ALGUACILES DE RHODE ISLAND NO GUARDA COPIAS DE ESTOS DOCUMENTOS. AHORA TIENES LA ÚNICA COPIA.**

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4346448
Reviewer:

Case 1:23-cv-00404-JJM-PAS Document 1-4 Filed 10/31/23 Page 8 of 86 PageID #: 92



## RHODE ISLAND DEPARTMENT OF PUBLIC SAFETY
### Division of Sheriffs
*670 New London Avenue, Cranston, RI 02920*
*Telephone: (401) 275-2900 — Fax: (401) 275-2914*



Colonel Darnell S. Weaver
Director, Department of Public Safety
Superintendent, Rhode Island State Police

Chief David M. DeCesare
Sheriff
Rhode Island Division of Sheriffs

## CIVIL PROCESS-INFORMATION SHEET
### PLEASE PRINT CLEARLY
### ALL INFORMATION PROVIDED REMAINS CONFIDENTIAL

**PERSON FILING:** Kyioshi L'Hood Harrison          **DATE OF BIRTH:** _____

ADDRESS: P.O. Box unit 1174          **FLOOR & APT.** # unit 1174

CITY: Coventry  RI  02816          ZIP: _____

HOME # 860 682 6410   CELL # _____   WORK # _____

## PERSON BEING SERVED

**PERSON BEING SERVED:** 222 Jefferson blvd   **DATE OF BIRTH:** N/A

ADDRESS: Bryan Filero CEO, Resurgent **FLOOR & APT.** # Suite 200
Capital services L.P.

CITY: Warwick, RI          ZIP: 02888

HOME # _____   CELL # _____   WORK # _____

**PLACE OF EMPLOYMENT:** **PERSON BEING SERVED**

COMPANY NAME: Resurgent Capital Services L.P.

ADDRESS: 222 Jefferson Blvd suite 200 CITY: Warwick, RI ZIP: 02888

DAYS WORKED: _____   HOURS WORKED: _____

**DESCRIPTION:**

HEIGHT: _____ WEIGHT: _____ AGE: _____ HAIR: _____ RACE: _____

BEARD: yes / no   MUSTACHE: yes / no   GLASSES: yes / no   VISABLE TATOO: _____

VEHICLE MAKE: _____ MODEL: _____ COLOR: _____ PLATE #: _____

**ANY ADDITIONAL COMMENTS OR REMARKS:**

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

# EXHIBIT 3

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noon

Hood-Harrison,©Kyioshi L:                    ) Noel Judicial Complex
% P.O. Box 1174                               ) Civil Action
Coventry, RI [02816]                          )
*Plaintiff, POA, Pro Per*                     ) CASE No. 3CA-2023-06962
                                              )
Bryan Filero,CEO Resurgent Capital Services L.P. )
Monique, Agent at Resurgent Capital Services L.P. )
LVNV Funding LLC,                             )
Resurgent Capital Services L.P.               )
222 Jefferson Blvd, Suite 200                 )
Warwick RI 02888                              )
*Defendant*                                   )
                                              )
                                              )

**FILED**
Noel Judicial Complex
2023 OCT 10 AM 8:41
DISTRICT COURT
3RD DIVISION

---

## AMENDED COMPLAINT

COMES NOW Kyioshi L:Hood-Harrison (c) , POA, Sui Juris, and files this complaint moving the court for monetary judgment under RI Gen L § 19-14.9-5, Fair Debt Collection Act, FDCPA (12 CFR §1006 F) violations 15 U.S.C.§1692 C(a)(c). In support thereof the following:

1. The Plaintiff became aware of this debt collection account in approximately May 2023 and has been disputing it since then. TransUnion, Equifax, and Experian have all claimed that the debt was validated, but the plaintiff believes this validation process is flawed, as the plaintiff received the same information and it was not properly validated through the appropriate channels. The Defendant has also submitted the same documents to the Consumer Financial Protection Bureau (CFPB), and the documents related to this account are extremely limited, consisting only of duplicates of the same bank statement.

2. Resurgent Capital Services, L.P./LVNV Funding LLC has been engaging in harassing behavior towards the Plaintiff regarding this debt collection. The Plaintiff sent a validation of debt request to the defendant 6/22/2023, and the Defendant was unable to successfully validate the debt (see Exhibit A & B)

3. Following the unsuccessful validation of debt (Exhibit C) on July 22,2023, the defendant was formally instructed in writing to cease and desist all communications and remove the debt from the plaintiff's credit report.

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

Case 1:23-cv-00406-MSM-PAS   Document 1   Filed 10/31/23   Page 33 of 86 PageID #: 95

LVNV/Resurgent Civil Claim          NOEL JUDICIAL COMPLEX          Case No. 3CA-2023-06962

4. Despite this instruction, the defendant has refused to cease communication and has not removed the items from the credit report(Exhibit D). The defendant has continued to send correspondence through the mail to the plaintiff as of August 1,2023. In response the plaintiff sent an affidavit of truth and an invoice for $4,000, citing violations of consumer rights under the fair Debt Collection Practices Act (FDCPA)(Exhibit F)

5. On August 12, 2023, the Plaintiff contacted the Consumer Financial Protection Bureau (CFPB)(see Exhibit G) regarding the unjust debt and the defendants harassing actions. On Aug 25, 2023, the Defendant (an agent named Monique) responded to the complaint through CFPB (Exhibit H)

6. On August 25, 2023, the CFPB acknowledged that further action should be taken, as Resurgent/ Defendant's actions appeared to lack transparency. The CFPB inquired about the desired solution from the plaintiff, to which the plaintiff responded.; Seeking compensation for violations and requesting an end to further contact.

7. On September 5,2023, and September 6,2023 the Plaintiff received two letters (Exhibit I & J) from resurgent Capital/ LVNV, indicating an ongoing investigation . However, the other letter contained another bank statement, which the plaintiff considers insufficient validation of the "owed debt", and no compensation for FDCPA- 12 CFR§1006 F and RI Gen L §19-14.9-5 violations. The Defendant has consistently sent similar letters that do not constitute adequate debt validation. Despite repeated requests for specific items to validate the debt (chain of assignment, purchase agreement, bill of sale, wet signature contract, etc) the Defendant has not properly validated or verified the debt claim throughout this period. Furthermore, there is no existing contract between the Plaintiff and the Defendant.

8. Notice of intent to sue was sent via certified mail as per all correspondence 9/22/23. (Exhibit K)

9. The Plaintiff has exhausted the administrative process, to no avail.

10. AMENDED- 10/05/2023 The Plaintiff received two new correspondence from the Defendant, both dated 10/01/2023, duplicative bank statement, allegations of debt owed.(Exhibit L & M) Again , despite repeatedly being asked to discontinue all communications in writing.

### 15 U.S.C. § 1692 C (a)(c) (also outlined in 12 CFR § 1006 F;

*(a)Communication with the consumer generally*

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

Case 1:23-cv-00404-JJM-PAS    Document 1-5    Filed 10/27/23    Page 34 of 86 PageID #: 96

*Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt*

*(c) Ceasing communication*

*If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—*

*(1) to advise the consumer that the debt collector's further efforts are being terminated;*

*(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or*

*(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.*

*If such notice from the consumer is made by mail, notification shall be complete upon receipt.*

The Plaintiff would also like the court to take notice of the Defendant having a lengthy notorious history in their abusive debt collection practices. [ *Case No. 2:18-cv-00742., Case No.1:09-cv-01047-MSL-MJW, Case No. 3:14-cv-01240-HES-MCR* (Exhibit N), and the like].

### Prayer For Relief

The Defendant, Resurgent has caused significant intentional mental distress to the Plaintiff, in addition to violations in accordance with the FDCPA and RI Gen L § 19-14.9-5. The Plaintiff respectfully prays to the court's consideration for monetary judgment in this matter:

A. $4,000 for statutory FDCPA violations *[TransUnion v. Ramirez]*, not adhering to the cease and desist notice,

B. $4,000 for intentional infliction of mental distress ,

C. court fees, totaling $8,100.75.

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

# EXHIBIT 4

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

# Exhibit 4(a)

Hood-Harrison,© Kyioshi L:      )
*Plaintiff, POA, Pro per*      )
C/o P.O. Box 1174 )
coventry RI 02816) )
Bryan Filero, CEO Resurgent Capital Services LP   )
Monique, Agent Resurgent Capital Services LP,   )
LVNV Funding LLC,      )
Resurgent Capital Services LP      )
*Defendant*      )
222 Jefferson Blvd, suite 200 )
Warwick, RI 02888

Noel Judicial Complex

2023 OCT -3 AM 11: 06
Civil Action
DISTRICT COURT
3RD DIVISION

---

Here comes now Kyioshi L:Hood-Harrison© Plaintiff, POA, Sui Juris, and files this complaint moving the court for monetary judgment under and RI Gen L § 19-14.9-5 as well as Fair Debt Collections Act, FDCPA violations 15 USC 1692. In support thereof the following:

1. The plaintiff became aware of this debt collection account in approximately May 2023 and has been disputing it since then.. Transunion, Equifax, and Experian have all claimed that the debt was validated, but the Plaintiff believes this validation process is flawed, as the Plaintiff received the same information and it was not properly validated through the appropriate channels. The defendant has also submitted the same documents to the Consumer Financial Protection Bureau (CFPB), and the documents related to this account are extremely limited, consisting only of duplicates of same bank statement.

2. Resurgent Capital Services, L.P. / LVNV Funding LLC has been engaging in harassing behavior towards the Plaintiff regarding this debt collection. The Plaintiff sent a validation of debt request to the defendant 6/22/2023, and the defendant was unable to successfully validate the debt (see Exhibit A & B).

3. Following the unsuccessful validation of debt (Exhibit C) on July 22, 2023, the defendant was formally instructed in writing to cease all communications and remove the debt from the plaintiff's credit report.

4. Despite this instruction, the defendant has refused to cease communication and has not removed the items from the credit report (see Exhibit D). The defendant has continued to send correspondence through the mail to the plaintiff as of August 1, 2023 (Exhibit E). In response, the

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

Case 1:23-cv-00445-M-PAS Document 1 Filed 10/31/23 Page 38 of 86 PageID #: 100

plaintiff sent an affidavit of truth and an invoice for $4,000, citing violations of consumer rights under the Fair Debt Collection Practices Act (FDCPA) (Exhibit F).

5. On August 12, 2023, the Plaintiff contacted the Consumer Financial Protection Bureau (CFPB) (see Exhibit G) regarding the unjust debt and the defendant's harassing actions. On August 25, 2023, the Defendant (an agent named Monique ) responded to the complaint through the CFPB (Exhibit H).

6. On August 25, 2023, the CFPB acknowledged that further action should be taken, as Resurgent/Defendant's actions appeared to lack transparency. The CFPB inquired about the desired solution from the plaintiff, to which the plaintiff responded,; seeking compensation for violations and requesting an end to further contact.

7. On September 5, 2023, and September 6, 2023, the Plaintiff received two letters (Exhibit I & J) from Resurgent Capital/LVNV, indicating an ongoing investigation. However, the other letter contained another bank statement, which the plaintiff considers insufficient validation of the "owed debt", and no compensation for FDCPA and and RI Gen L § 19-14.9-5 violations. The Defendant has consistently sent similar letters that do not constitute adequate debt validation. Despite repeated requests for specific items to validate the debt (chain of assignment, purchase agreement, bill of sale, wet signature contract ,etc), the defendant has not properly validated or verified the debt claim throughout this period. Furthermore, there is no existing contract between the Plaintiff and the Defendant.

8. Notice of Intent to Sue was sent via certified mail as per all correspondence 9/22/2023. (Exhibit K)

9. I feel I have exhausted my administrative process, to no avail.

### Prayer for Relief

The Defendant, Resurgent has caused significant mental distress to the Plaintiff, in addition to violations in accordance with the FDCPA and RI Gen L § 19-14.9-5. The Plaintiff respectfully prays for the court's consideration for monetary Judgment in this matter of $4,000 for FDCPA violations [*TransUnion v. Ramirez]*, court fees, and Power of Attorney (POA) fees, which are calculated at $5,000 (months of ongoing representation for this matter), for a total of $9,075.75.

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3.08 PM
Envelope: 4344149
Reviewer: Julie Noonan

Subscribed and sworn to (or affirmed) before me on this 2nd day of October , 2023,
by Passport By: Kyoshu Z Horp-Haze ,
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Notary

10/2/23

Seal:

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

# Exhibit 4(b)

# STATE OF RHODE ISLAND JUDICIARY

## DISTRICT COURT

## SUMMONS

| **Plaintiff**<br>Kyioshi Hood-Harrison<br><br>**v.**<br><br>**Defendant**<br>Bryan Filero; Resurgent Capital Services LP | **Civil Action File Number**<br>3CA-2023-06962 |
|---|---|
| | **Attorney for the Plaintiff or the Plaintiff**<br>Kyioshi Hood-Harrison |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>POBox 1174<br>Coventry RI  02816 |
| Noel Judicial Complex<br>3rd Division District Court<br>222 Quaker Lane<br>Warwick RI  02886<br>*(401) 822-6750 | **Address for the Defendant**<br>222 Jefferson Blvd<br>Suite 200<br>Warwick RI  02888 |

**TO THE DEFENDANT:**

You are hereby summoned and required to serve upon the Plaintiff or the Plaintiff's attorney, whose name and address appears above, an answer to the complaint which is herewith served upon you. **Your answer must be made in WRITING within TWENTY (20) days after service of this Summons, complaint, and Language Assistance Notice, exclusive of the date of service, and filed with the court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

Witness the seal/watermark of the District Court

| This Summons was generated on 10/2/2023. | /s/ Dawn Bellamy<br>Clerk |
|---|---|

DC-CMS-4 (revised November 2022)

# STATE OF RHODE ISLAND JUDICIARY

# DISTRICT COURT

| | |
|---|---|
| **Plaintiff**<br>Kyioshi Hood-Harrison<br> **v.** <br>**Defendant**<br>Bryan Filero; Resurgent Capital Services LP | **Civil Action File Number**<br>3CA-2023-06962 |

**PROOF OF SERVICE**

**Select the Defendant being served (check only one (1) per Proof of Service):**

| Please Select<br>Only One (1) | Defendant |
|---|---|
| | Bryan Filero |
| | Resurgent Capital Services LP |

I hereby certify that on the date below I served a copy of this Summons, a copy of the complaint, Language Assistance Notices, and all other required documents received herewith upon the Defendant, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statue to receive service, further notice as required by statue was given as noted. _____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

DC-CMS-4 (revised November 2022)

Case 1:23-cv-00445-JJM-PAS Document 1-6 Filed 10/31/23 Page 43 of 86 PageID #: 105

## STATE OF RHODE ISLAND JUDICIARY

## DISTRICT COURT

Upon a private corporation, domestic or foreign:
- ☐ By delivering said papers to an officer or a managing or general agent.
  Name of person and designation _____
- ☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name of person and designation_____
- ☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____
  If the agent is one designated by statue to receive service, further notice as required by statue was given as noted:_____
- ☐ I was unable to make service after the following reasonable attempts:
  _____

SIGNATURE OF PERSON OTHER THAN A SHERIFF OR DEPUTY SHERIFF OR CONSTABLE MUST BE NOTARIZED. _____
                                    Signature

State of _____
County of _____

On this _____ day of _____,20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the documents are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

SERVICE DATE: _____/_____/_____          SERVICE FEE $_____
                Month     Day     Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE
_____

Page 2 of 2

DC-CMS-4 (revised November 2022)

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

# Exhibit 4(c)

Case Number: 3CA-2023-06962
Filed in 3rd Division - District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noon

LVNV/Resurgent Civil Claim     NOEL JUDICIAL COMPLEX     Case No. 3CA-2023-06962

FILED

Noel Judicial Complex

2023 OCT 10 AM 8:41

DISTRICT COURT
3RD DIVISION

Hood-Harrison,©Kyioshi L:     )
% P.O. Box 1174     )
Coventry, RI [02816]     )
*Plaintiff, POA, Pro Per*     )
    )
Bryan Filero,CEO Resurgent Capital Services L.P.     )
Monique, Agent at Resurgent Capital Services L.P.     )
LVNV Funding LLC,     )
Resurgent Capital Services L.P.     )
222 Jefferson Blvd, Suite 200     )
Warwick RI 02888     )
*Defendant*     )
    )
    )

Noel Judicial Complex
Civil Action

CASE No. 3CA-2023-06962

## **AMENDED COMPLAINT**

COMES NOW Kyioshi L:Hood-Harrison (c) , POA, Sui Juris, and files this complaint moving the court for monetary judgment under RI Gen L § 19-14.9-5, Fair Debt Collection Act, FDCPA (12 CFR §1006 F) violations 15 U.S.C.§1692 C(a)(c). In support thereof the following:

1. The Plaintiff became aware of this debt collection account in approximately May 2023 and has been disputing it since then. TransUnion, Equifax, and Experian have all claimed that the debt was validated, but the plaintiff believes this validation process is flawed, as the plaintiff received the same information and it was not properly validated through the appropriate channels. The Defendant has also submitted the same documents to the Consumer Financial Protection Bureau (CFPB), and the documents related to this account are extremely limited, consisting only of duplicates of the same bank statement.

2. Resurgent Capital Services, L.P./LVNV Funding LLC has been engaging in harassing behavior towards the Plaintiff regarding this debt collection. The Plaintiff sent a validation of debt request to the defendant 6/22/2023, and the Defendant was unable to successfully validate the debt (see Exhibit A & B)

3. Following the unsuccessful validation of debt (Exhibit C) on July 22,2023, the defendant was formally instructed in writing to cease and desist all communications and remove the debt from the plaintiff's credit report.

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

4.  Despite this instruction, the defendant has refused to cease communication and has not removed the items from the credit report(Exhibit D). The defendant has continued to send correspondence through the mail to the plaintiff as of August 1,2023. In response the plaintiff sent an affidavit of truth and an invoice for $4,000, citing violations of consumer rights under the fair Debt Collection Practices Act (FDCPA)(Exhibit F)

5.  On August 12, 2023, the Plaintiff contacted the Consumer Financial Protection Bureau (CFPB)(see Exhibit G) regarding the unjust debt and the defendants harassing actions. On Aug 25, 2023, the Defendant (an agent named Monique) responded to the complaint through CFPB (Exhibit H)

6.  On August 25, 2023, the CFPB acknowledged that further action should be taken, as Resurgent/ Defendant's actions appeared to lack transparency. The CFPB inquired about the desired solution from the plaintiff, to which the plaintiff responded.; Seeking compensation for violations and requesting an end to further contact.

7.  On September 5,2023, and September 6,2023 the Plaintiff received two letters (Exhibit I & J) from resurgent Capital/ LVNV, indicating an ongoing investigation . However, the other letter contained another bank statement, which the plaintiff considers insufficient validation of the "owed debt", and no compensation for FDCPA- 12 CFR§1006 F and RI Gen L §19-14.9-5 violations. The Defendant has consistently sent similar letters that do not constitute adequate debt validation. Despite repeated requests for specific items to validate the debt (chain of assignment, purchase agreement, bill of sale, wet signature contract, etc) the Defendant has not properly validated or verified the debt claim throughout this period. Furthermore, there is no existing contract between the Plaintiff and the Defendant.

8.  Notice of intent to sue was sent via certified mail as per all correspondence 9/22/23. (Exhibit K)

9.  The Plaintiff has exhausted the administrative process, to no avail.

10. AMENDED- 10/05/2023 The Plaintiff received two new correspondence from the Defendant, both dated 10/01/2023, duplicative bank statement, allegations of debt owed.(Exhibit L & M) Again , despite repeatedly being asked to discontinue all communications in writing.

**15 U.S.C. § 1692 C (a)(c) (also outlined in 12 CFR § 1006 F;**

*(a)Communication with the consumer generally*

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

*Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt*

*(c)Ceasing communication*

*If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—*

*(1)to advise the consumer that the debt collector's further efforts are being terminated;*

*(2)to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or*

*(3)where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.*

*If such notice from the consumer is made by mail, notification shall be complete upon receipt.*


The Plaintiff would also like the court to take notice of the Defendant having a lengthy notorious history in their abusive debt collection practices. [ *Case No. 2:18-cv-00742., Case No.1:09-cv-01047-MSL-MJW, Case No. 3:14-cv-01240-HES-MCR* (Exhibit N), and the like].


### Prayer For Relief

The Defendant, Resurgent has caused significant intentional mental distress to the Plaintiff, in addition to violations in accordance with the FDCPA and RI Gen L § 19-14.9-5. The Plaintiff respectfully prays to the court's consideration for monetary judgment in this matter:

A. $4,000 for statutory FDCPA violations *[TransUnion v. Ramirez],* not adhering to the cease and desist notice,

B. $4,000 for intentional infliction of mental distress ,

C. court fees, totaling $8,100.75.

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

Case 3:23-cv-00054-SLM-DAO Document 1-5 Filed 10/27/23 Page 24 of 47 Page ID #: 110

# Exhibit 4(d)



# STATE OF RHODE ISLAND JUDICIARY

## DISTRICT COURT

## SUMMONS

| Plaintiff<br>Kyioshi Hood-Harrison<br>**v.**<br>**Defendant**<br>Bryan Filero; Resurgent Capital Services LP | Civil Action File Number<br>3CA-2023-06962 |
|---|---|
| | **Attorney for the Plaintiff or the Plaintiff**<br>Kyioshi Hood-Harrison |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>POBox 1174<br>Coventry RI 02816 |
| Noel Judicial Complex<br>3rd Division District Court<br>222 Quaker Lane<br>Warwick RI 02886<br>*(401) 822-6750 | **Address for the Defendant**<br>222 Jefferson Blvd<br>Suite 200<br>Warwick RI 02888 |

### TO THE DEFENDANT:

You are hereby summoned and required to serve upon the Plaintiff or the Plaintiff's attorney, whose name and address appears above, an answer to the complaint which is herewith served upon you. **Your answer must be made in WRITING within TWENTY (20) days after service of this Summons, complaint, and Language Assistance Notice, exclusive of the date of service, and filed with the court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

Witness the seal/watermark of the District Court

| This Summons was generated on 10/10/2023. | /s/ Dawn Bellamy<br>Clerk |
|---|---|

DC-CMS-4 (revised November 2022)

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

# STATE OF RHODE ISLAND JUDICIARY

## DISTRICT COURT

| **Plaintiff** | **Civil Action File Number** |
|---|---|
| Kyioshi Hood-Harrison | 3CA-2023-06962 |
| **v.** | |
| **Defendant** | |
| Bryan Filero; Resurgent Capital Services LP | |

| **PROOF OF SERVICE** | | |
|---|---|---|
| **Select the Defendant being served (check only one (1) per Proof of Service):** | | |
| **Please Select Only One (1)** | **Defendant** | |
| | Bryan Filero | |
| | Resurgent Capital Services LP | |

I hereby certify that on the date below I served a copy of this Summons, a copy of the complaint, Language Assistance Notices, and all other required documents received herewith upon the Defendant, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
_____
Age _____
Relationship to the Defendant_____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statue to receive service, further notice as required by statue was given as noted. _____

☐ With a guardian or conservator of the Defendant.
Name of person and designation_____

☐ By delivering said papers to the attorney general or an assistant attorney general.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

DC-CMS-4 (revised November 2022)

**STATE OF RHODE ISLAND JUDICIARY**

**DISTRICT COURT**

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation_____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____

If the agent is one designated by statue to receive service, further notice as required by statue was given as noted: _____

☐ I was unable to make service after the following reasonable attempts:
_____

---

SIGNATURE OF PERSON OTHER THAN A SHERIFF OR DEPUTY SHERIFF OR CONSTABLE MUST BE NOTARIZED. _____
                                   Signature

State of _____
County of _____

    On this _____ day of _____,20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the documents are truthful to the best of his or her knowledge.

                            Notary Public: _____
                            My commission expires: _____
                            Notary identification number: _____

---

SERVICE DATE: _____/_____/_____          SERVICE FEE $_____
             Month    Day     Year
Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE
_____

Page 2 of 2

DC-CMS-4 (revised November 2022)

# Exhibit 4(e)

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan



# STATE OF RHODE ISLAND JUDICIARY

## DISTRICT COURT

## SUMMONS

| Plaintiff<br>Kyioshi Hood-Harrison<br>v.<br>Defendant<br>Bryan Filero; Resurgent Capital Services LP | Civil Action File Number<br>3CA-2023-06962 |
|---|---|
| | Attorney for the Plaintiff or the Plaintiff<br>Kyioshi Hood-Harrison |
| | Address of the Plaintiff's Attorney or the Plaintiff<br>POBox 1174<br>Coventry RI 02816 |
| Noel Judicial Complex<br>3rd Division District Court<br>222 Quaker Lane<br>Warwick RI 02886<br>*(401) 822-6750 | Address for the Defendant<br>222 Jefferson Blvd<br>Suite 200<br>Warwick RI 02888 |

### TO THE DEFENDANT:

You are hereby summoned and required to serve upon the Plaintiff or the Plaintiff's attorney, whose name and address appears above, an answer to the complaint which is herewith served upon you. **Your answer must be made in WRITING within TWENTY (20) days after service of this Summons, complaint, and Language Assistance Notice, exclusive of the date of service, and filed with the court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

Witness the seal/watermark of the District Court

| This Summons was generated on 10/2/2023. | /s/ Dawn Bellamy<br>Clerk |
|---|---|

2023 OCT 11 PH 1: 26
DISTRICT COURT
3RD DIVISION

FILED

DC-CMS-4 (revised November 2022)

Case 1:23-cv-00545-JJM-PAS Document 6 Filed 01/27/2031/Page 2 of 24 PageID #: 116



# STATE OF RHODE ISLAND JUDICIARY

## DISTRICT COURT

| Plaintiff<br>Kyioshi Hood-Harrison<br>**v.**<br>Defendant<br>Bryan Filero; Resurgent Capital Services LP | Civil Action File Number<br>3CA-2023-06962 |
| --- | --- |

### PROOF OF SERVICE

**Select the Defendant being served (check only one (1) per Proof of Service):**

| Please Select Only One (1) | Defendant |
| --- | --- |
|  | Bryan Filero |
| ✓ | Resurgent Capital Services LP |

I hereby certify that on the date below I served a copy of this Summons, a copy of the complaint, Language Assistance Notices, and all other required documents received herewith upon the Defendant, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____

Age _____
Relationship to the Defendant _____

☒ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statue to receive service, further notice as required by statue was given as noted. *Corporation Service Co*

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

DC-CMS-4 (revised November 2022)

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023
Envelope: 4344149
Reviewer: Julie Noonan

3CA-2023-06962 Document 5 Filed 10/27/2023 Page 2 of 23 PageID #: 117

# STATE OF RHODE ISLAND JUDICIARY

# DISTRICT COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statue to receive service, further notice as required by statue was given as noted: _____

☐ I was unable to make service after the following reasonable attempts:

SIGNATURE OF PERSON OTHER THAN A SHERIFF OR DEPUTY SHERIFF OR CONSTABLE MUST BE NOTARIZED.
_____
Signature

State of _____
County of _____

On this _____ day of _____, 20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the documents are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

SERVICE DATE: 10 / 3 / 2023    SERVICE FEE $_____
   Month   Day   Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE
_____    *Arthur Scautti #22*

Page 2 of 2

DC-CMS-4 (revised November 2022)

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

Case 1:23-cv-00045-JJM-PAS Document 6 Filed 10/27/2031/Page 22 of 37 PageID #: 118

# NOTICE

These papers are your proof of service for the court document you submitted for service.

**You** must bring these papers to the court clerk's office to be entered into the court file before your court date. The Judge will need to have this information in the court file.

**THE RHODE ISLAND DIVISION OF SHERIFFS DOES NOT KEEP COPIES OF THESE PAPERS.   YOU NOW HAVE THE ONLY COPY.**

---

# NOTAR

Estos documentos son su prueba de notificación para el documento judicial que presentó para la notificación.

Debe llevar estos documentos a la oficina del secretario de la corte para que se ingresen en el archivo de la corte antes de la fecha de su corte. El juez deberá tener esta información en el expediente judicial.

**LA DIVISIÓN DE ALGUACILES DE RHODE ISLAND NO GUARDA COPIAS DE ESTOS DOCUMENTOS.   AHORA TIENES LA ÚNICA COPIA.**

Case 1:23-cv-00545-JJM-PAS Document 5 Filed 10/27/23/Page Page 27 Page Page 47 #:
119

**RHODE ISLAND DEPARTMENT OF PUBLIC SAFETY**
*Division of Sheriffs*
*670 New London Avenue, Cranston, RI 02920*
*Telephone: (401) 275-2900 — Fax: (401) 275-2914*

Colonel Darnell S. Weaver
Director, Department of Public Safety
Superintendent, Rhode Island State Police

Chief David M. DeCesare
Sheriff
Rhode Island Division of Sheriffs

## CIVIL PROCESS-INFORMATION SHEET
### PLEASE PRINT CLEARLY
### ALL INFORMATION PROVIDED REMAINS CONFIDENTIAL

**PERSON FILING:** Kyioshi L'hood Harrison   **DATE OF BIRTH:** _____

**ADDRESS:** P.O. Box unit 1174   **FLOOR & APT. #** unit 1174

**CITY:** Coventry RI 02816   **ZIP:** _____

**HOME #** 860 682 6440   **CELL #** _____   **WORK #** _____

---

## PERSON BEING SERVED

**PERSON BEING SERVED:** 222 Jefferson blvd   **DATE OF BIRTH:** N/A

**ADDRESS:** Bryan Filero CEO, Resurgent   **FLOOR & APT. #** Suite 200
capital services L.P.

**CITY:** Warwick, RI   **ZIP:** 02888

**HOME #** _____   **CELL #** _____   **WORK #** _____

**PLACE OF EMPLOYMENT:**   **PERSON BEING SERVED**

**COMPANY NAME:** Resurgent Capital Services L.P

**ADDRESS:** 222 Jefferson Blvd Suite 200   **CITY:** Warwick, RI   **ZIP:** 02888

**DAYS WORKED:** _____   **HOURS WORKED:** _____

**DESCRIPTION:**

**HEIGHT:** _____   **WEIGHT:** _____   **AGE:** _____   **HAIR:** _____   **RACE:** _____

**BEARD:** yes / no   **MUSTACHE:** yes / no   **GLASSES:** yes / no   **VISABLE TATOO:** _____

**VEHICLE MAKE:** _____   **MODEL:** _____   **COLOR:** _____   **PLATE #:** _____

**ANY ADDITIONAL COMMENTS OR REMARKS:**

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

Case 3:23-cv-00545-SLM-DAO Document 1-6 Filed 10/27/23 Page 24 of 37 PageID #: 120

# Exhibit 4(f)

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan



# STATE OF RHODE ISLAND JUDICIARY

## DISTRICT COURT

### SUMMONS

FILED

2023 OCT 26 PM 2:01

DISTRICT COURT
3RD DIVISION

| | |
|---|---|
| **Plaintiff**<br>Kyioshi Hood-Harrison<br>**v.**<br>**Defendant**<br>Bryan Filero; Resurgent Capital Services LP | **Civil Action File Number**<br>3CA-2023-06962 |
| | **Attorney for the Plaintiff or the Plaintiff**<br>Kyioshi-Hood-Harrison |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>POBox 1174<br>Coventry RI  02816 |
| Noel Judicial Complex<br>3rd Division District Court<br>222 Quaker Lane<br>Warwick RI  02886<br>*(401) 822-6750 | **Address for the Defendant**<br>222 Jefferson Blvd<br>Suite 200<br>Warwick RI  02888 |

**TO THE DEFENDANT:**

You are hereby summoned and required to serve upon the Plaintiff or the Plaintiff's attorney, whose name and address appears above, an answer to the complaint which is herewith served upon you. **Your answer must be made in WRITING within TWENTY (20) days after service of this Summons, complaint, and Language Assistance Notice, exclusive of the date of service, and filed with the court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

Witness the seal/watermark of the District Court

| | |
|---|---|
| This Summons was generated on 10/10/2023. | /s/ Dawn Bellamy<br>Clerk |



DC-CMS-4 (revised November 2022)

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan



## STATE OF RHODE ISLAND JUDICIARY

## DISTRICT COURT

| **Plaintiff**<br>Kyioshi Hood-Harrison<br>**v.**<br>**Defendant**<br>Bryan Filero; Resurgent Capital Services LP | **Civil Action File Number**<br>3CA-2023-06962 |
|---|---|

### PROOF OF SERVICE

**Select the Defendant being served (check only one (1) per Proof of Service):**

| Please Select<br>Only One (1) | Defendant |
|---|---|
| | Bryan Filero |
| | Resurgent Capital Services LP |

I hereby certify that on the date below I served a copy of this Summons, a copy of the complaint, Language Assistance Notices, and all other required documents received herewith upon the Defendant, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statue to receive service, further notice as required by statue was given as noted. _____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

DC-CMS-4 (revised November 2022)

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:04:11 PM
Envelope: 4344149
Reviewer: Julie Noonan

# STATE OF RHODE ISLAND JUDICIARY

## DISTRICT COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
    Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
    Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
    Name of authorized agent _____
    If the agent is one designated by statue to receive service, further notice as required by statue was given as noted: _____

☒ I was unable to make service after the following reasonable attempts:
Need who Reg. Agent Name is.

SIGNATURE OF PERSON OTHER THAN A SHERIFF OR DEPUTY SHERIFF OR CONSTABLE MUST BE NOTARIZED. _____
                     Signature

State of _____
County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the documents are truthful to the best of his or her knowledge.

                 Notary Public: _____
                 My commission expires: _____
                 Notary identification number: _____

SERVICE DATE: 10 / 20 / 2023
         Month   Day   Year           SERVICE FEE $_____

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE     Arthur Scautti # 22

Page 2 of 2

DC-CMS-4 (revised November 2022)

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

Case 1:23-cv-00405-JBM-PAS Document 1-7 Filed 10/27/23 Page 1 of 2 PageID #: 124

# EXHIBIT 5

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

STATE OF RHODE ISLAND
3RD DIVISION DISTRICT COURT

KYIOSHI L. HOOD-HARRISON,

                              Plaintiff,

       vs.

                                                    CA No. 3CA-2023-06962

BRYAN FALIERO; LVNV FUNDING LLC; and
RESURGENT CAPITAL SERVICES LP,

                              Defendants.

## NOTICE OF FILING NOTICE OF REMOVAL

Defendant Resurgent Capital Services, LP ("Resurgent") hereby provides notice that this

action has been removed to the United States District Court for the District of Rhode Island and

docketed as C.A. No. 1:23-cv-00445. A copy of the Notice of Removal as docketed is attached

hereto as Exhibit A.

Dated: October 27, 2023.

                                        Respectfully Submitted,

                                        RESURGENT CAPITAL SERVICES LP

                                        By its attorney,

                                        _/s/ Brian J. Wall_____
                                        Brian J. Wall (#9164)
                                        bwall@grsm.com
                                        Tel: 857-504-2026
                                        GORDON REES SCULLY
                                        MANSUKHANI LLP
                                        28 State Street, 10th Floor
                                        Boston, MA 02109

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

Case 1:23-cv-00406-JJM-PAS Document 7 Filed 10/27/23 Page 84 of 86 PageID #: 126

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2023 a copy of the foregoing was served filed and

served via the Court's electronic system, and served on Plaintiff via first class mail as follows:

Kyioshi L. Hood-Harrison
P.O. Box 1174
Coventry, RI 02816


*/s/ Brian J. Wall* _____

Case 3:23-cv-06945-PKP Document 1 Filed 10/31/23 Page 1 of 25 PageID #:

12

**JS 44** (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant _____ |
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question *(U.S. Government Not a Party)*

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 690 Other | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from Another District *(specify)*

☐ 6  Multidistrict Litigation - Transfer

☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Case Number: 3CA-2023-06962
Filed in 3rd Division District Court
Submitted: 10/27/2023 3:08 PM
Envelope: 4344149
Reviewer: Julie Noonan

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
  United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
  United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
  Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
  Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
  Original Proceedings. (1) Cases which originate in the United States district courts.
  Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
  Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
  Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
  Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
  Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
  Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
  Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
  Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.



## STATE OF RHODE ISLAND JUDICIARY

## DISTRICT COURT

## SUMMONS

FILED

2023 OCT 26  PM 2:01

DISTRICT COURT
3RD DIVISION

| Plaintiff<br>Kyioshi Hood-Harrison<br>**v.**<br>**Defendant**<br>Bryan Filero; Resurgent Capital Services LP | Civil Action File Number<br>3CA-2023-06962 |
|---|---|
| | Attorney for the Plaintiff or the Plaintiff<br>Kyioshi-Hood-Harrison |
| | Address of the Plaintiff's Attorney or the Plaintiff<br>POBox 1174<br>Coventry RI  02816 |
| Noel Judicial Complex<br>3rd Division District Court<br>222 Quaker Lane<br>Warwick RI  02886<br>*(401) 822-6750 | Address for the Defendant<br>222 Jefferson Blvd<br>Suite 200<br>Warwick RI  02888 |

### TO THE DEFENDANT:

You are hereby summoned and required to serve upon the Plaintiff or the Plaintiff's attorney, whose name and address appears above, an answer to the complaint which is herewith served upon you. **Your answer must be made in WRITING within TWENTY (20) days after service of this Summons, complaint, and Language Assistance Notice, exclusive of the date of service, and filed with the court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

Witness the seal/watermark of the District Court

| This Summons was generated on 10/10/2023. | /s/ Dawn Bellamy<br>Clerk |
|---|---|

DC-CMS-4 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## DISTRICT COURT

| Plaintiff<br>Kyioshi Hood-Harrison | Civil Action File Number<br>3CA-2023-06962 |
|---|---|
| **v.** | |
| **Defendant**<br>Bryan Filero; Resurgent Capital Services LP | |

### PROOF OF SERVICE

**Select the Defendant being served (check only one (1) per Proof of Service):**

| Please Select<br>Only One (1) | Defendant |
|---|---|
| | Bryan Filero |
| | Resurgent Capital Services LP |

I hereby certify that on the date below I served a copy of this Summons, a copy of the complaint, Language Assistance Notices, and all other required documents received herewith upon the Defendant, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person of suitable age and discretion _____

_____

Age _____

Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statue to receive service, further notice as required by statue was given as noted. _____

☐ With a guardian or conservator of the Defendant.

Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.

Name of person and designation _____

Page 1 of 2

DC-CMS-4 (revised November 2022)



### STATE OF RHODE ISLAND JUDICIARY

### DISTRICT COURT

Upon a private corporation, domestic or foreign:
   ☐ By delivering said papers to an officer or a managing or general agent.
     Name of person and designation _____
  ☐ By leaving said papers at the office of the corporation with a person employed therein.
     Name of person and designation _____
  ☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
     Name of authorized agent _____
     If the agent is one designated by statue to receive service, further notice as required by statue was given as noted:
  ☒ I was unable to make service after the following reasonable attempts:
     Need who Reg. Agent Name is.

SIGNATURE OF PERSON OTHER THAN A SHERIFF OR DEPUTY SHERIFF OR CONSTABLE MUST BE NOTARIZED. _____
                         Signature

State of _____
County of _____

   On this ____ day of _____,20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the documents are truthful to the best of his or her knowledge.

                  Notary Public: _____
                  My commission expires: _____
                  Notary identification number: _____

SERVICE DATE: 10 / 20 / 2023       SERVICE FEE $_____
     Month   Day   Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE    Arthur Scautti #22

Page 2 of 2

DC-CMS-4 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## DISTRICT COURT

## SUMMONS

| Plaintiff<br>Kyioshi Hood-Harrison<br>v.<br>**Defendant**<br>Bryan Filero; Resurgent Capital Services LP | Civil Action File Number<br>3CA-2023-06962 |
|---|---|
| | **Attorney for the Plaintiff or the Plaintiff**<br>Kyioshi Hood-Harrison |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>POBox 1174<br>Coventry RI 02816 |
| Noel Judicial Complex<br>3rd Division District Court<br>222 Quaker Lane<br>Warwick RI 02886<br>*(401) 822-6750 | **Address for the Defendant**<br>222 Jefferson Blvd<br>Suite 200<br>Warwick RI 02888 |

**TO THE DEFENDANT:**

You are hereby summoned and required to serve upon the Plaintiff or the Plaintiff's attorney, whose name and address appears above, an answer to the complaint which is herewith served upon you. **Your answer must be made in WRITING within TWENTY (20) days after service of this Summons, complaint, and Language Assistance Notice, exclusive of the date of service, and filed with the court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

Witness the seal/watermark of the District Court

| This Summons was generated on 10/2/2023 | /s/ Dawn Bellamy<br>Clerk |
|---|---|

2023 OCT 11 PH 1:26
DISTRICT COURT
3RD DIVISION

DC-CMS-4 (revised November 2022)

# STATE OF RHODE ISLAND JUDICIARY

## DISTRICT COURT

| Plaintiff | Civil Action File Number |
|---|---|
| Kyioshi Hood-Harrison | 3CA-2023-06962 |
| **v.** | |
| **Defendant** | |
| Bryan Filero; Resurgent Capital Services LP | |

### PROOF OF SERVICE

**Select the Defendant being served (check only one (1) per Proof of Service):**

| Please Select Only One (1) | Defendant |
|---|---|
| | Bryan Filero. |
| ✓ | Resurgent Capital Services LP |

I hereby certify that on the date below I served a copy of this Summons, a copy of the complaint, Language Assistance Notices, and all other required documents received herewith upon the Defendant by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person of suitable age and discretion _____

   Age _____
   Relationship to the Defendant _____

X With an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statue to receive service, further notice as required by statue was given as noted. *Corporation Service Co*

☐ With a guardian or conservator of the Defendant.
   Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
   Name of person and designation _____

Page 1 of 2

DC-CMS-4 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## DISTRICT COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statue to receive service, further notice as required by statue was given as noted: _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

SIGNATURE OF PERSON OTHER THAN A SHERIFF OR DEPUTY SHERIFF OR CONSTABLE MUST BE NOTARIZED. _____
                                          Signature

State of _____

County of _____

On this _____ day of _____ ,20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the documents are truthful to the best of his or her knowledge.

                                          Notary Public: _____
                                          My commission expires: _____
                                          Notary identification number: _____

SERVICE DATE: 10 / 3 / 2023            SERVICE FEE $ _____
                Month   Day   Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE
_____     Arthur Scautti #22

Page 2 of 2

DC-CMS-4 (revised November 2022)

# NOTICE

These papers are your proof of service for the court document you submitted for service.

**You** must bring these papers to the court clerk's office to be entered into the court file before your court date.  The Judge will need to have this information in the court file.

**THE RHODE ISLAND DIVISION OF SHERIFFS DOES NOT KEEP COPIES OF THESE PAPERS.   YOU NOW HAVE THE ONLY COPY.**

---

# NOTAR

Estos documentos son su prueba de notificación para el documento judicial que presentó para la notificación.

Debe llevar estos documentos a la oficina del secretario de la corte para que se ingresen en el archivo de la corte antes de la fecha de su corte. El juez deberá tener esta información en el expediente judicial.

**LA DIVISIÓN DE ALGUACILES DE RHODE ISLAND NO GUARDA COPIAS DE ESTOS DOCUMENTOS.   AHORA TIENES LA ÚNICA COPIA.**

 

## RHODE ISLAND DEPARTMENT OF PUBLIC SAFETY
### Division of Sheriffs
670 New London Avenue, Cranston, RI 02920
Telephone: (401) 275-2900 — Fax: (401) 275-2914

Colonel Darnell S. Weaver
Director, Department of Public Safety
Superintendent, Rhode Island State Police

Chief David M. DeCesare
Sheriff
Rhode Island Division of Sheriffs

## CIVIL PROCESS-INFORMATION SHEET
### PLEASE PRINT CLEARLY
### ALL INFORMATION PROVIDED REMAINS CONFIDENTIAL

**PERSON FILING:** Kyioshi L'Hood Harrison     **DATE OF BIRTH:** _____

ADDRESS: P.O. Box unit 1174     **FLOOR & APT.** # Unit 1174

CITY: Coventry RI 02816     ZIP: _____

HOME # 860 682 6410     CELL # _____     WORK # _____

## PERSON BEING SERVED

**PERSON BEING SERVED:** 222 Jefferson blvd     **DATE OF BIRTH:** N/A

ADDRESS: Bryan Filero CEO, Resurgent **FLOOR & APT.** # Suite 200
Capital services L.P.

CITY: Warwick, RI     ZIP: 02888

HOME # _____     CELL # _____     WORK # _____

**PLACE OF EMPLOYMENT:**     **PERSON BEING SERVED**

COMPANY NAME: Resurgent Capital Services L.P

ADDRESS: 222 Jefferson Blvd Suite 200 CITY: Warwick, RI ZIP: 02888

DAYS WORKED: _____     HOURS WORKED: _____

**DESCRIPTION:**

HEIGHT: _____ WEIGHT: _____ AGE: _____ HAIR: _____ RACE: _____

BEARD: yes / no   MUSTACHE: yes / no   GLASSES: yes / no   VISABLE TATOO: _____

VEHICLE MAKE: _____ MODEL: _____ COLOR: _____ PLATE #: _____

**ANY ADDITIONAL COMMENTS OR REMARKS:**



## STATE OF RHODE ISLAND JUDICIARY

### DISTRICT COURT

### SUMMONS

| | |
|---|---|
| **Plaintiff**<br>Kyioshi Hood-Harrison<br>**v.**<br>**Defendant**<br>Bryan Filero; Resurgent Capital Services LP | **Civil Action File Number**<br>3CA-2023-06962 |
| | **Attorney for the Plaintiff or the Plaintiff**<br>Kyioshi Hood-Harrison |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>POBox 1174<br>Coventry RI  02816 |
| Noel Judicial Complex<br>3rd Division District Court<br>222 Quaker Lane<br>Warwick RI  02886<br>*(401) 822-6750 | **Address for the Defendant**<br>222 Jefferson Blvd<br>Suite 200<br>Warwick RI  02888 |

**TO THE DEFENDANT:**

You are hereby summoned and required to serve upon the Plaintiff or the Plaintiff's attorney, whose name and address appears above, an answer to the complaint which is herewith served upon you. **Your answer must be made in WRITING within TWENTY (20) days after service of this Summons, complaint, and Language Assistance Notice, exclusive of the date of service, and filed with the court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

Witness the seal/watermark of the District Court

| | |
|---|---|
| This Summons was generated on 10/10/2023. | /s/ Dawn Bellamy<br>Clerk |

DC-CMS-4 (revised November 2022)



## STATE OF RHODE ISLAND JUDICIARY

## DISTRICT COURT

| | |
|---|---|
| **Plaintiff**<br>Kyioshi Hood-Harrison<br> **v.** <br>**Defendant**<br>Bryan Filero; Resurgent Capital Services LP | **Civil Action File Number**<br>3CA-2023-06962 |

**PROOF OF SERVICE**

**Select the Defendant being served (check only one (1) per Proof of Service):**

| Please Select<br>Only One (1) | Defendant |
|---|---|
| | Bryan Filero |
| | Resurgent Capital Services LP |

I hereby certify that on the date below I served a copy of this Summons, a copy of the complaint, Language Assistance Notices, and all other required documents received herewith upon the Defendant, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statue to receive service, further notice as required by statue was given as noted. _____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

**STATE OF RHODE ISLAND JUDICIARY**

**DISTRICT COURT**

Upon a private corporation, domestic or foreign:

    □ By delivering said papers to an officer or a managing or general agent.
      Name of person and designation _____

    □ By leaving said papers at the office of the corporation with a person employed therein.
      Name of person and designation _____

    □ By delivering said papers to an agent authorized by appointment or by law to receive service of
      process.
      Name of authorized agent _____
      If the agent is one designated by statue to receive service, further notice as required by statue was
      given as noted: _____

    □ I was unable to make service after the following reasonable attempts:
      _____

SIGNATURE OF PERSON OTHER THAN A SHERIFF OR DEPUTY SHERIFF OR CONSTABLE
MUST BE NOTARIZED. _____
                              Signature

State of _____

County of _____

    On this _____ day of _____,20___, before me, the undersigned notary public, personally appeared
_____ □ personally known to the notary or □ proved to the notary through
satisfactory evidence of identification, which was _____, to be the
person who signed above in my presence, and who swore or affirmed to the notary that the contents of
the documents are truthful to the best of his or her knowledge.

                    Notary Public: _____
                    My commission expires: _____
                    Notary identification number: _____

SERVICE DATE: _____/_____/_____         SERVICE FEE $_____
           Month    Day    Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE
_____

Page 2 of 2

DC-CMS-4 (revised November 2022)

LVNV/Resurgent Civil Claim   NOEL JUDICIAL COMPLEX   Case No. 3CA-2023-06962

Hood-Harrison,©Kyioshi L:            ) Noel Judicial Complex
% P.O. Box 1174                    ) Civil Action
Coventry, RI [02816]    **2023 OCT 10** ) AM 8:41
*Plaintiff, POA, Pro Per*          ) CASE No. 3CA-2023-06962
               DISTRICT COURT
Bryan Filero,CEO Resurgent Capital Services L.P.RD DIVISION
Monique, Agent at Resurgent Capital Services L.P. )
LVNV Funding LLC,              )
Resurgent Capital Services L.P.        )
222 Jefferson Blvd, Suite 200         )
Warwick RI 02888               )
*Defendant*                       )
                             )
                             )

FILED

---

## <u>AMENDED COMPLAINT</u>

COMES NOW Kyioshi L:Hood-Harrison (c) , POA, Sui Juris, and files this complaint moving the court
for monetary judgment under RI Gen L § 19-14.9-5, Fair Debt Collection Act, FDCPA (12 CFR §1006 F)
violations 15 U.S.C.§1692 C(a)(c). In support thereof the following:

1. The Plaintiff became aware of this debt collection account in approximately May 2023 and has
   been disputing it since then. TransUnion, Equifax, and Experian have all claimed that the debt
   was validated, but the plaintiff believes this validation process is flawed, as the plaintiff received
   the same information and it was not properly validated through the appropriate channels. The
   Defendant has also submitted the same documents to the Consumer Financial Protection Bureau
   (CFPB), and the documents related to this account are extremely limited, consisting only of
   duplicates of the same bank statement.

2. Resurgent Capital Services, L.P./LVNV Funding LLC has been engaging in harassing behavior
   towards the Plaintiff regarding this debt collection. The Plaintiff sent a validation of debt request
   to the defendant 6/22/2023, and the Defendant was unable to successfully validate the debt (see
   Exhibit A & B)

3. Following the unsuccessful validation of debt (Exhibit C) on July 22,2023, the defendant was
   formally instructed in writing to cease and desist all communications and remove the debt from
   the plaintiff's credit report.

LVNV/Resurgent Civil Claim        NOEL JUDICIAL COMPLEX        Case No. 3CA-2023-06962

4. Despite this instruction, the defendant has refused to cease communication and has not removed the items from the credit report(Exhibit D). The defendant has continued to send correspondence through the mail to the plaintiff as of August 1,2023. In response the plaintiff sent an affidavit of truth and an invoice for $4,000, citing violations of consumer rights under the fair Debt Collection Practices Act (FDCPA)(Exhibit F)

5. On August 12, 2023, the Plaintiff contacted the Consumer Financial Protection Bureau (CFPB)(see Exhibit G) regarding the unjust debt and the defendants harassing actions. On Aug 25, 2023, the Defendant (an agent named Monique) responded to the complaint through CFPB (Exhibit H)

6. On August 25, 2023, the CFPB acknowledged that further action should be taken, as Resurgent/ Defendant's actions appeared to lack transparency. The CFPB inquired about the desired solution from the plaintiff, to which the plaintiff responded.; Seeking compensation for violations and requesting an end to further contact.

7. On September 5,2023, and September 6,2023 the Plaintiff received two letters (Exhibit I & J) from resurgent Capital/ LVNV, indicating an ongoing investigation . However, the other letter contained another bank statement, which the plaintiff considers insufficient validation of the "owed debt", and no compensation for FDCPA- 12 CFR§1006 F and RI Gen L §19-14.9-5 violations. The Defendant has consistently sent similar letters that do not constitute adequate debt validation. Despite repeated requests for specific items to validate the debt (chain of assignment, purchase agreement, bill of sale, wet signature contract, etc) the Defendant has not properly validated or verified the debt claim throughout this period. Furthermore, there is no existing contract between the Plaintiff and the Defendant.

8. Notice of intent to sue was sent via certified mail as per all correspondence 9/22/23. (Exhibit K)

9. The Plaintiff has exhausted the administrative process, to no avail.

10. AMENDED- 10/05/2023 The Plaintiff received two new correspondence from the Defendant, both dated 10/01/2023, duplicative bank statement, allegations of debt owed.(Exhibit L & M) Again , despite repeatedly being asked to discontinue all communications in writing.

**15 U.S.C. § 1692 C (a)(c) (also outlined in 12 CFR § 1006 F;**

*(a)Communication with the consumer generally*

LVNV/Resurgent Civil Claim       NOEL JUDICIAL COMPLEX       Case No. 3CA-2023-06962

*Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt*

*(c)Ceasing communication*

*If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—*

*(1)to advise the consumer that the debt collector's further efforts are being terminated;*

*(2)to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or*

*(3)where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.*

*If such notice from the consumer is made by mail, notification shall be complete upon receipt.*

The Plaintiff would also like the court to take notice of the Defendant having a lengthy notorious history in their abusive debt collection practices. [ *Case No. 2:18-cv-00742., Case No.1:09-cv-01047-MSL-MJW, Case No. 3:14-cv-01240-HES-MCR* (Exhibit N), and the like].

### Prayer For Relief

The Defendant, Resurgent has caused significant intentional mental distress to the Plaintiff, in addition to violations in accordance with the FDCPA and RI Gen L § 19-14.9-5. The Plaintiff respectfully prays to the court's consideration for monetary judgment in this matter:

A. $4,000 for statutory FDCPA violations *[TransUnion v. Ramirez]*, not adhering to the cease and desist notice,

B. $4,000 for intentional infliction of mental distress ,

C. court fees, totaling $8,100.75.



**STATE OF RHODE ISLAND JUDICIARY**

**DISTRICT COURT**

**SUMMONS**

| Plaintiff<br>Kyioshi Hood-Harrison<br> v. <br>Defendant<br>Bryan Filero; Resurgent Capital Services LP | Civil Action File Number<br>3CA-2023-06962 |
|---|---|
| | Attorney for the Plaintiff or the Plaintiff<br>Kyioshi Hood-Harrison |
| | Address of the Plaintiff's Attorney or the Plaintiff<br>POBox 1174<br>Coventry RI  02816 |
| Noel Judicial Complex<br>3rd Division District Court<br>222 Quaker Lane<br>Warwick RI  02886<br>*(401) 822-6750 | Address for the Defendant<br>222 Jefferson Blvd<br>Suite 200<br>Warwick RI  02888 |

**TO THE DEFENDANT:**

You are hereby summoned and required to serve upon the Plaintiff or the Plaintiff's attorney, whose name and address appears above, an answer to the complaint which is herewith served upon you. **Your answer must be made in WRITING within TWENTY (20) days after service of this Summons, complaint, and Language Assistance Notice, exclusive of the date of service, and filed with the court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

Witness the seal/watermark of the District Court

| This Summons was generated on 10/2/2023. | /s/ Dawn Bellamy<br>Clerk |
|---|---|

DC-CMS-4 (revised November 2022)



**STATE OF RHODE ISLAND JUDICIARY**

**DISTRICT COURT**

| **Plaintiff**<br>Kyioshi Hood-Harrison | **Civil Action File Number**<br>3CA-2023-06962 |
|---|---|
| **v.** | |
| **Defendant**<br>Bryan Filero; Resurgent Capital Services LP | |

<table>
<tr><td colspan="2" align="center"><b>PROOF OF SERVICE</b></td></tr>
<tr><td colspan="2" align="center"><b>Select the Defendant being served (check only one (1) per Proof of Service):</b></td></tr>
<tr><td><b>Please Select Only One (1)</b></td><td><b>Defendant</b></td></tr>
<tr><td></td><td>Bryan Filero</td></tr>
<tr><td></td><td>Resurgent Capital Services LP</td></tr>
</table>

I hereby certify that on the date below I served a copy of this Summons, a copy of the complaint, Language Assistance Notices, and all other required documents received herewith upon the Defendant, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statue to receive service, further notice as required by statue was given as noted. _____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2



**STATE OF RHODE ISLAND JUDICIARY**

**DISTRICT COURT**

Upon a private corporation, domestic or foreign:
    ☐ By delivering said papers to an officer or a managing or general agent.
      Name of person and designation _____
    ☐ By leaving said papers at the office of the corporation with a person employed therein.
      Name of person and designation_____
    ☐ By delivering said papers to an agent authorized by appointment or by law to receive service of
      process.
      Name of authorized agent _____
      If the agent is one designated by statue to receive service, further notice as required by statue was
      given as noted: _____
    ☐ I was unable to make service after the following reasonable attempts:
      _____

SIGNATURE OF PERSON OTHER THAN A SHERIFF OR DEPUTY SHERIFF OR CONSTABLE
MUST BE NOTARIZED. _____
                         Signature

State of _____
County of _____

    On this _____ day of _____,20____, before me, the undersigned notary public, personally appeared
_____ ☐ personally known to the notary or ☐ proved to the notary through
satisfactory evidence of identification, which was _____, to be the
person who signed above in my presence, and who swore or affirmed to the notary that the contents of
the documents are truthful to the best of his or her knowledge.

                        Notary Public: _____
                        My commission expires: _____
                        Notary identification number: _____

SERVICE DATE: _____/_____/_____        SERVICE FEE $_____
          Month    Day    Year
Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE
_____

Page 2 of 2

Hood-Harrison,© Kyioshi L:                )        Noel Judicial Complex
*Plaintiff, POA, Pro per*                  )
c/o P.O. Box 1174                          )        2023 OCT -3 AM II: 06
coventry RI 02816)                         )               Civil Action
Bryan Filero, CEO Resurgent Capital Services LP  )   DISTRICT COURT
Monique, Agent Resurgent Capital Services LP,  )       3RD DIVISION
LVNV Funding LLC,                          )
Resurgent Capital Services LP              )
*Defendant*                                )
222 Jefferson Blvd, Suite 200              )
Warwick, RI 02888

---

Here comes now Kyioshi L:Hood-Harrison© Plaintiff, POA, Sui Juris, and files this complaint moving

the court for monetary judgment under and RI Gen L § 19-14.9-5 as well as  Fair Debt Collections Act,

FDCPA violations 15 USC 1692. In support thereof the following:

1.  The plaintiff became aware of this debt collection account in approximately May 2023 and has

    been disputing it since then.. Transunion, Equifax, and Experian have all claimed that the debt

    was validated, but the Plaintiff believes this validation process is flawed, as the Plaintiff received

    the same information and it was not properly validated through the appropriate channels. The

    defendant has also submitted the same documents to the Consumer Financial Protection Bureau

    (CFPB), and the documents related to this account are extremely limited, consisting only of

    duplicates of same bank statement.

2.  Resurgent Capital Services, L.P. / LVNV Funding LLC has been engaging in harassing behavior

    towards the Plaintiff regarding this debt collection. The Plaintiff sent a validation of debt request

    to the defendant 6/22/2023, and the defendant was unable to successfully validate the debt (see

    Exhibit A & B).

3.  Following the unsuccessful validation of debt (Exhibit C) on July 22, 2023, the defendant was

    formally instructed in writing to cease all communications and remove the debt from the

    plaintiff's credit report.

4.  Despite this instruction, the defendant has refused to cease communication and has not removed

    the items from the credit report (see Exhibit D). The defendant has continued to send

    correspondence through the mail to the plaintiff as of August 1, 2023 (Exhibit E). In response, the

plaintiff sent an affidavit of truth and an invoice for $4,000, citing violations of consumer rights under the Fair Debt Collection Practices Act (FDCPA) (Exhibit F).

5. On August 12, 2023, the Plaintiff contacted the Consumer Financial Protection Bureau (CFPB) (see Exhibit G) regarding the unjust debt and the defendant's harassing actions. On August 25, 2023, the Defendant (an agent named Monique ) responded to the complaint through the CFPB (Exhibit H).

6. On August 25, 2023, the CFPB acknowledged that further action should be taken, as Resurgent/Defendant's actions appeared to lack transparency. The CFPB inquired about the desired solution from the plaintiff, to which the plaintiff responded,; seeking compensation for violations and requesting an end to further contact.

7. On September 5, 2023, and September 6, 2023, the Plaintiff received two letters (Exhibit I & J) from Resurgent Capital/LVNV, indicating an ongoing investigation. However, the other letter contained another bank statement, which the plaintiff considers insufficient validation of the "owed debt", and no compensation for FDCPA and and RI Gen L § 19-14.9-5 violations. The Defendant has consistently sent similar letters that do not constitute adequate debt validation. Despite repeated requests for specific items to validate the debt (chain of assignment, purchase agreement, bill of sale, wet signature contract ,etc), the defendant has not properly validated or verified the debt claim throughout this period. Furthermore, there is no existing contract between the Plaintiff and the Defendant.

8. Notice of Intent to Sue was sent via certified mail as per all correspondence 9/22/2023. (Exhibit K)

9. I feel I have exhausted my administrative process, to no avail.

**Prayer for Relief**

The Defendant, Resurgent has caused significant mental distress to the Plaintiff, in addition to violations in accordance with the FDCPA and RI Gen L § 19-14.9-5. The Plaintiff respectfully prays for the court's consideration for monetary Judgment in this matter of $4,000 for FDCPA violations [*TransUnion v. Ramirez*], court fees, and Power of Attorney (POA) fees, which are calculated at $5,000 (months of ongoing representation for this matter), for a total of $9,075.75.

LVNV/Resurgent Small Claim                                                                2

Subscribed and sworn to (or affirmed) before me on this _2nd_ day of _October_ , 2023, by _Passport By: Kyoshu Z. Ford-Hare_ ,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Notary

10/2/23

Seal:

LVNV/Resurgent Small Claim                                                      3